

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

NO. 15-1825

E.C. AND C.O., INDIVIDUALLY AND ON BEHALF OF C.C.O.,

*Appellees*,

**FILED**

vs.

MAY 2 3 2016

MICHAEL E. KUNZ, Clerk
By SCHOOL DISTRICT OF PHILADELPHIA,
Dep Clerk

*Appellant.*

## APPLICATION OF APPELLEES FOR ATTORNEYS FEES AND EXPENSES

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA (E.D. Pa. No. 13-CV-6047)

David J. Berney, Esq.
Vanita R. Kalra, Esq.
    Of Counsel
Law Offices of David J. Berney
8 Penn Center
1628 J.F.K. Boulevard
Suite 1000
Philadelphia, Pennsylvania 19103
(215) 564-1030

Counsel for Appellees
E.C. and C.O.

# I.     INTRODUCTION

Appellees E.C. and C.O., Parents of Student C.C.O. ("Parents"), make this Application for Attorneys Fees and Expenses pursuant to L.A.R. MISC. 108.1. On March 21, 2016, this Court issued a decision denying the appeal of Appellant School District of Philadelphia ("District"), and affirming in full the March 4, 2015 award of reasonable attorney's fees and costs by the District Court to Parents under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), Section 504 of the Rehabilitation Act ("Section 504"), and Title II of the Americans with Disabilities Act ("ADA"). Under the IDEA, Section 504, and the ADA, prevailing parents are entitled to attorney's fees and costs. 20 U.S.C. § 1415(i)(3)(B) and (C); 29 U.S.C. § 794a(b); and 42 U.S.C. § 12205. Accordingly, Parents are also entitled to counsel fees expended in prevailing on appeal. *See Hutto v. Finney*, 437 U.S. 678, 693-700 (1979).

# II.     PROCEDURAL HISTORY

This federal action arose out of an underlying administrative proceeding brought by Parents E.C. and C.O., individually and on behalf of C.C.O., against District pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Section 504"), and the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("ADA"). During the administrative process,

Parents established that District had denied their child a free appropriate public education ("FAPE"). The administrative hearing officer awarded Parents tuition reimbursement and compensatory education, which amounted to the entirety of the relief that Parents had sought. As prevailing parties within the meaning of the IDEA, Section 504, and ADA, Parents were entitled to statutory attorney's fees and related litigation costs. *See* 20 U.S.C. § 1415(i)(3)(B) and (C); 29 U.S.C. § 794a(b); and 42 U.S.C. § 12205. As a result, Parents filed a Motion for Payment of Counsel Fees and Costs in the United States District Court for the Eastern District of Pennsylvania. On March 4, 2015, the District Court awarded Parents a total of $82,749 in attorney's fees and costs. District filed a timely notice of appeal to this Court. On March 21, 2016, the Third Circuit Court of Appeals affirmed the award in full. Parents now seek attorney's fees for work expended in prevailing on appeal pursuant to L.A.R. MISC. 108.1 and the IDEA, Section 504, and the ADA.

## III.     ARGUMENT

Attorney's fees are based upon the lodestar method of calculation, which is "strongly presumed to yield a reasonable fee." *Washington v. Phila. Cnty. Ct. Com. Pl.,* 89 F.3d 1031, 1035 (3d Cir. 1996). The lodestar is determined by multiplying the number of hours counsel reasonably expended on the case by a reasonable hourly rate. *Lanni v. New Jersey,* 259 F.3d 146, 149 (3d Cir. 2001). The burden rests on the party requesting the award to establish the "reasonableness" of the

"hourly rate and number of hours." *Washington,* 89 F.3d at 1035. To satisfy that burden, "the fee petitioner must submit evidence supporting the hours worked and the rates claimed." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.,* 426 F.3d 694, 703 n.5 (3d Cir. 2005) (internal quotation marks omitted).

A reasonable hourly rate is calculated according to the prevailing market rates in the community charged by attorneys of equivalent skill and experience performing work of similar complexity. *Washington*, 89 F.3d at 1035-36.

To establish the hours worked, the burden is generally satisfied by submitting sufficiently itemized timesheets. *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990). Regarding the documentation, "billing entries need only include 'some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent . . . [i]t is not necessary to know the . . . precise activity to which each hour was devoted.'" *Id.* (finding sufficient specificity in a computer-generated timesheet with the duration, "general nature" and "subject matter" of an activity, and "the date the activity took place"); *Keenan v. City of Phila.,* 983 F.2d 459, 473 (3d Cir. 1992) (holding that "computer-generated summaries of time spent by each attorney and paralegal" are sufficient); *Elizabeth S. v. School Dist. of Phila.*, 2012 WL 2469547, at *2 (E.D. Pa. June 28, 2012) (Tucker, C.J.) (holding that "time entries such as 't/c with client,' 'letter to client,' or 'email to expert,'" are sufficiently

specific). It is then the opposing party's burden to object "with sufficient specificity" to itemized entries or hours. *Interfaith Cmty. Org.*, 426 F.3d at 703 n.5. The court should not exclude hours unless it finds them to be "excessive, redundant, or otherwise unnecessary." *Reid,* 2005 WL 174847, at *2 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). Said another way, hours are almost always reasonable unless they are inadequately documented or totally unnecessary. *Id.*

### A. RESPECTFULLY, THIS COURT SHOULD ADOPT A BILLING RATE OF (1) $495 PER HOUR FOR DAVID J. BERNEY, ESQUIRE AND (2) $325 PER HOUR FOR VANITA KALRA, ESQUIRE.

David J. Berney, Esquire and Vanita Kalra, Esquire from the Law Offices of David J. Berney, P.C. litigated the appeal before the Third Circuit on behalf of Parents.

Under applicable law, there are a number of ways that a plaintiff can establish the prevailing market rate for applicant attorneys, including: (1) the applicant attorneys' customary billing rate for fee-paying clients, (2) affidavits/declarations from other attorneys in the relevant legal community attesting to the range of prevailing rates, (3) current surveys of customary rates, and (4) the amounts awarded counsel with similar experience in other litigation. *See, e.g., Mitchell v. City of Philadelphia,* 2010 WL 1370863, at *14 (E.D. Pa. Apr. 5, 2010) (Tucker, C.J.), *citing* 10 James Wm. Moore et al., *Moore's Federal*

*Practice* ¶ 54.190 (3d ed.2009). All of these methods support the applicant

attorneys' billing rates.

> **1.    For Fee-Paying Clients In Special Education Matters, The Law Offices Of David J. Berney, P.C., Bills At $495 Per Hour For David J. Berney, Esquire And $325 Per Hour For Vanita Kalra, Esquire.**

To determine a billing rate for a motion for attorney's fees, "the Third

Circuit has instructed Courts to look to the applicant attorney's customary billing

rate for fee-paying clients at the time the fee petition was filed." *Ellis v. Ethicon,*

*Inc.*, 2010 WL 715403, at *3 (D.N.J. Mar. 1, 2010) (citing *Lanni,* 259 F.3d at 149);

*see also Rode v. Dellarciprete,* 892 F.2d 1177, 1188–89 (3d Cir.1990) (utilizing

current billing rates to determine lodestar as premised on a theory of "delay

compensation"), *Student Pub. Interest Research Grp. of N.J., Inc. v. AT & T Bell*

*Labs.*, 842 F.2d 1436, 1445 (3d Cir. 1988) ("[t]he reasonable value of an attorney's

time is the price that time normally commands in the marketplace, which is

generally reflected in the attorney's normal billing rate.").

As of the filing date of this Application, Law Firm bills at $495 per hour for

Mr. Berney and $325 per hour for Ms. Kalra. *See* Declaration of David J. Berney,

Esquire, attached hereto as Exhibit "A", ¶¶ 23-24. *See also* Declaration of Vanita

Kalra, Esquire, attached hereto as Exhibit "B", ¶ 10. These are the rates that Law

Firm charges to fee paying clients. These billing rates create a presumption of

reasonableness. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d. Cir. 2001).

> **2. Declarations From A Number Of Experienced And Respected Civil Rights/Special Education Attorneys Demonstrate That The Billing Rates Of $495 Per Hour For David J. Berney, Esquire And $325 Per Hour For Vanita Kalra, Esquire Either Fall Within Or Are Lower Than The Customary And Prevailing Rates Charged By Other Attorneys Of Comparable Skill, Experience, And Reputation In The Philadelphia Community.**

The Third Circuit has held that fee applicants can establish the prevailing market rate by submitting affidavits of other attorneys in the relevant legal community attesting to the range of prevailing rates charged by attorneys with similar skill and experience. *SPIRG v. AT & T Bell Laboratories*, 842 F.2d 1436, 1450 (3d Cir. 1988).

To support Mr. Berney's billing rate, Plaintiffs have attached declarations from Jennifer Clarke, Esquire (Exhibit "C"), Judith Gran, Esquire (Exhibit "D"), Alan Yatvin, Esquire (Exhibit "E"), Franca Palumbo, Esquire (Exhibit "F"), Jonathan Corchnoy, Esquire (Exhibit "G"), Joshua Kershenbaum, Esquire (Exhibit "H"), and Benjamin Hinerfeld, Esquire (Exhibit "I"). To support Ms. Kalra's billing rate, Plaintiffs have attached declarations from Jennifer Clarke, Esquire (Exhibit "C"), Judith Gran, Esquire (Exhibit "D"), Franca Palumbo, Esquire (Exhibit "F"), Jonathan Corchnoy, Esquire (Exhibit "G"), Benjamin Hinerfeld,

Esquire (Exhibit "I"), Jonathan Feinberg, Esquire (Exhibit "J"), and Ryan

Hancock, Esquire (Exhibit "K").

These attorneys are leaders in the special education and/or civil rights bar

and have contemporary knowledge of the prevailing market rates for attorneys in

this practice area. As these attorney declarations attest, billing rates of $495 per

hour for Mr. Berney and $325 per hour for Ms. Kalra are well within the prevailing

rates in the Philadelphia community for services by lawyers of reasonably

comparable skill, experience, and reputation. In fact, some of these attorneys have

even attested that the billing rates requested are below the market standard. *See,

e.g.,* Declarations of Mr. Feinberg, ¶¶14-15, Ms. Clarke, ¶15, and Mr. Corchnoy,

¶14-18.

Below are some excerpts from some of these declarations, corroborating

undersigned counsels' experience and expertise that justify the requested billing

rates.  Ms. Gran, who has litigated scores of federal disability rights cases

nationwide, wrote:

> Mr. Berney is highly respected among lawyers in the Philadelphia area who
> handle civil rights cases and education cases, particularly for his expertise in
> litigation, and is considered a leader in the special education bar. I and other
> attorneys who practice in this area frequently consult him for advice and
> recommendations when difficult issues arise in our own cases. Mr. Berney
> has also done an excellent job of recruiting, training and mentoring
> associates who have consisted demonstrated work of high quality.

*See* Exhibit "D", ¶ 10.  Mr. Kershenbaum wrote:

I know David Berney, Esquire, attorney in the Law Offices of David J. Berney, P.C., through my work as an attorney in the field of Special Education Law. I am aware of his excellent reputation in the "parent bar" (i.e., the attorneys in this region who represent parents in special education law matters). He is highly regarded as an attorney in this field.

Exhibit "H", ¶ 12. Ms. Palumbo wrote:

I consider [David Berney] to be a leader in the special education bar, an outstanding litigator, and a highly accomplished practitioner. He enjoys a similar reputation in the legal community.

Exhibit "F", ¶ 11. Mr. Hinerfeld wrote:

Mr. Berney is widely regarded as an expert in special education both locally and nationally. He has taught, written and made countless presentations on special education law.

Exhibit "I", ¶ 20. Mr. Yatvin wrote:

David has impressed me as a scholarly, experienced advocate.

Exhibit "E", ¶ 31.

Regarding Ms. Kalra, Ms. Gran wrote:

Ms. Kalra … [has] demonstrated intelligence, dedication, persistence and command of the technical field of special education that is well beyond the norm for members of the special education bar in the Greater Philadelphia area.

*See* Exhibit "D", ¶ 12.

Attached hereto are also declarations attested to by Mr. Berney (Exhibit "A") and Ms. Kalra (Exhibit "B") that provide additional background information, respectively, regarding their education, training, and experiences in litigation. Below follow some excerpted portions from each of their declarations.

8

1. Mr. Berney is a 1992 graduate of the University of Pennsylvania Law School.

2. Since 1996, Mr. Berney has been running and operating the Law Offices of David J. Berney, P.C. The Law Offices of David J. Berney, P.C. is a boutique firm that concentrates its practice in the general area of civil rights litigation and more specifically in special education and employment discrimination law. Over fifty percent of the firm's practice is devoted to cases arising under special education and related laws.

3. Mr. Berney has litigated scores of special education cases, frequently achieving settlements and/or awards that have a value into the six figures and achieving recoveries on behalf of clients in an aggregate amount well into the seven figures. Against the District alone, Mr. Berney has litigated over 100 cases.

4. Mr. Berney is also an adjunct professor teaching special education law at the Drexel University Earle Mack School of Law and has served as a faculty member at various local colleges, having taught courses on discrimination law, including the rights of the disabled.

5. Mr. Berney is a former Chair of the Civil Rights Committee of the Philadelphia Bar Association and former member of the Executive Committee of the Public Interest Section of the Philadelphia Bar Association. Mr. Berney was also a member of the Education Reform Subcommittee of the Philadelphia Bar Association where he, along with other attorneys, planned and coordinated a series of activities to protect the rights of school children, including lobbying governmental representatives, planning educational programs, such as continuing legal education courses, etc.

6. Mr. Berney is a member of the Council for Parent Attorneys Advocates, Inc. ("COPAA"). COPAA's mission is to be a national voice for special education rights and to secure high quality educational services for children with disabilities.

7. Mr. Berney is a frequent instructor and presenter at continuing legal education courses, including the Pennsylvania Bar Institute's annual Exceptional Children's Conference which is considered to be the

premier continuing legal education program in Pennsylvania. Mr. Berney also has served as a course planner for continuing legal education course and has organized special education conferences.

8.      Mr. Berney writes as a guest columnist for the *Legal Intelligencer* on issues related to special education law.

9.      Mr. Berney has argued a number of civil rights matters before the Third Circuit Court of Appeals that have resulted in published opinions. *See Chambers v. School District of Philadelphia*, 587 F.3d 176 (3d Cir. 2009) (successfully argued appeal before the United States Court of Appeals for the Third Circuit, resulting in the Third Circuit Court of Appeals vacating judgment that had been entered in favor of the defendant on the plaintiffs' Section 504 and ADA claims); *Brown v. Commonwealth of Pennsylvania, Dept. of Health Emergency Medical Services Training Institute*, 318 F.3d 473 (3d Cir. 2003); *Brown v. Commonwealth of Pa Dept. of Health Emergency Medical Services Training Institute*, 300 F.3d 310 (3d Cir. 2002). Mr. Berney has also argued a number of matters before the Pennsylvania Commonwealth and Superior Courts and has worked on a number of cases that have been litigated before the Pennsylvania Supreme Court.

10.      Mr. Berney has been recognized by his peers for his outstanding legal and advocacy work. From 2008-2016, Mr. Berney's peers voted him a "Pennsylvania Super Lawyer". Before that, Mr. Berney was voted a "Rising Star Super Lawyer". The Legal Intelligencer has also recognized him as a "Lawyer on the Fast Track."

*See* Exhibit "A"

1.      Ms. Kalra is a 2006 graduate of Yale Law School. While at Yale Law School, Ms. Kalra served as Articles and Case Studies Editor for the Yale Journal of Health Policy, Law, and Ethics. She also served as a Student Director for the Advocacy for Children and Youth Clinic, and as a Student Director for the Representing Children Worldwide project, the largest single survey of the theoretical and practical implementation of the UN CRC Article 12's guarantee of the child's right to be heard in protective proceedings in all signatory and US jurisdictions.

2.    Prior to law school, Ms. Kalra worked extensively on education policy and disability rights issues. For example, Ms. Kalra started an education policy think tank and served as a substitute teacher for both regular education and special education classrooms in the Wake County Public School System in North Carolina.

3.    Since graduating from law school, Ms. Kalra has worked primarily in the areas of civil rights and international human rights, both domestically and abroad, performing legal research, analysis, and writing and providing legal advising.

4.    Ms. Kalra has also participated in the prosecution of complex litigation, including the successful prosecution of the Chief Justice of the Supreme Court of the Philippines as well as the most complex international criminal case since the Nuremberg Trials, at the Extraordinary Chambers in the Courts of Cambodia.

5.    Since March 2013, Ms. Kalra has been assisting the Law Offices of David J. Berney, P.C. with its special education practice both at the administrative and federal court levels. Ms. Kalra has litigated a number of special education cases, frequently achieving settlements and/or awards that have a value into the six figures and achieving recoveries on behalf of clients in an aggregate amount well into the seven figures.

*See* Exhibit "B". Based upon their experience and skill levels, as evidenced by their declarations and those of the other attorney affiants, their respective billing rates are clearly justified.

### 3.    Survey Data Supports The Billing Rates Of Mr. Berney And Ms. Kalra.

Survey data also establishes that the rates charged by Mr. Berney and Ms. Kalra fall well within the customary rates charged by attorneys with comparable years of experience.

11

On September 12, 2014, Community Legal Services ("CLS") issued a fee schedule with a range of hourly rates for attorney fees, the relevant portions of which are reprinted below.[1]

| Attorneys Post-Law Experience Under 2 Years | $180-$200 |
| Attorneys 2-5 Year's Experience | $200-$250 |
| Attorneys 6-10 Year's Experience | $265-$335 |
| Attorneys 11-15 Year's Experience | $350-$420 |
| Attorneys 16-20 Year's Experience | $435-$505 |
| Attorneys 21-25 Year's Experience | $520-$590 |
| Attorneys More Than 25 Year's Experience | $600-$650 |
| Paralegal I and II | $115-$140 |

The CLS fee schedule has been found by the Third Circuit to be a "fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d. Cir. 2001) (citations omitted).

Mr. Berney graduated from law school in 1992 and is in his 24th year of practice. A billing rate of $495 for Mr. Berney is below the rate indicated by the CLS fee schedule for attorneys with his years of experience ($520-$590 for

---

[1] *See Attorney Fees*, CMTY. LEGAL SERVS. OF PHILA., *http://www.clsphila.org/about-cls/attorney-fees*, (last visited April 2, 2016), attached as Exhibit "L".

attorneys with 21-25 years' experience).  Ms. Kalra graduated from law school in 2006 and is in her 10th year of practice. The CLS fee schedule provides a range of $265-$335 for attorneys with 6-10 years' experience and supports a billing rate of $325 for Ms. Kalra.

Additionally, a 2010 National Law Journal survey, cited approvingly by the Eastern District of Pennsylvania in *Mitchell v. City of Philadelphia*, 2010 WL 1370863, at *14 n.12 (E.D. Pa. Apr. 5, 2010) (Tucker, C.J.), reported that the average and median billing rates for associates and partners for surveyed firms in Philadelphia were as follows: [2]

| Name of Firm | Average Associate Billing Rate | Median Associate Billing Rate | Average Partner Billing Rate | Median Partner Billing Rate |
|---|---|---|---|---|
| Blank Rome | $361 per hour | $353 per hour | $615 per hour | $625 per hour |
| Cozen O'Connor | $326 per hour | $320 per hour | $497 per hour | $475 per hour |
| Duane Morris | $349 per hour | $350 per hour | $550 per hour | $545 per hour |
| Fox Rothschild | $298 per hour | $290 per hour | $473 per hour | $470 per hour |
| Pepper Hamilton | $329 per hour | Not provided | $547 per hour | Not provided |
| Saul Ewing | $310 per hour | $285 per hour | $491 per hour | $478 per hour |
| Montgomery, McCracken, Walker & Rhoads | $284 per hour | Not provided | $461 per hour | Not provided |

---

[2] A true and correct copy of this survey is attached hereto as Exhibit "M".

Given this survey data is now 5 years old, it underestimates current prevailing rates in the Philadelphia market. Nevertheless, the data supports the reasonableness of the rates charged by Mr. Berney, an equity partner, and by Ms. Kalra, who has the responsibilities of a senior associate.

Clearly, by the standards set forth in the above surveys, the rates charged by Mr. Berney and Ms. Kalra are justified. To hold otherwise would be to devalue to second-class status federal disability rights litigation.

> **4. Courts Have Adopted Comparable Rates For Attorneys With Commensurate Experience As Mr. Berney And Ms. Kalra.**

In determining reasonable hourly rates, courts also look to previous awards for attorneys with comparable experience. *See Mitchell*, 2010 WL 1370863, at \*14 (quoting 10 James Wm. Moore et al., Moore's Federal Practice ¶ 54.190 (3d ed. 2009)). Based upon that methodology, the hourly rates of Mr. Berney and Ms. Kalra also fall within the prevailing market rate in the Philadelphia Community.

As noted above, Mr. Berney is a 1992 law school graduate in his 24th year of practice and has been the founding partner of the firm for 19 years. Courts have awarded similar or higher rates for attorneys with comparable or less experience than that of Mr. Berney.

In *I.W. v. School District of Philadelphia*, 2016 WL 147148 at \*6 (E.D. Pa. Jan. 13, 2016), the Court recommended a billing rate of $600 per hour in a special

education case for Sonja Kerr, Esq. who has twenty-seven years of experience, based upon (1) the CLS fee schedule and (2) the affidavit of Jennifer C. Clarke, Esq., the Executive Director of PILCOP. Like Ms. Kerr, Jennifer Clarke, Esq., provided an affidavit for undersigned counsel, that opined that an hourly rate of $495 for undersigned counsel is reasonable. Undersigned counsel has 2-3 years less experience than Ms. Kerr.

In *Bodek and Rhodes, Inc. v. Bob Lanier Enterprises, Inc*., 2016 WL 398079, at *8 (E.D. Pa. Feb. 2, 2016), the district court utilized the 2014 CLS fee schedule in assigning an hourly rate of $650 to an attorney who had more than twenty-five years of experience.

In *Lyons v. Gerhard's Inc.,* 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015), the Court found that a contingency fee that equated to $650 per hour for attorney Andrew Abramson, Esquire, who graduated from law school in 1989, was reasonable where the CLS fee schedule provides an hourly range of $600–$650 for an attorney with his years of experience.

In *McGee v. Ann's Choice, Inc.*, 2014 WL 2514582, at *6 (E.D. Pa. June 4, 2014), the Court approved a rate of $500 per hour for Richard Swartz, Esquire, who graduated from law school in 1997.[3]

---

[3] *See Richard Swartz*, SWARTZ SWIDLER, http://swartz-legal.com/richard-swartz/ (last visited Apr. 2, 2016).

In *Plevretes v. La Salle University*, Civil Action No. 07-5186 (E.D. Pa. Jan. 15, 2008), the Court awarded $485 per hour to Michael Trunk, Esquire who was a ninth year associate.[4]

In *Lightstyles, LTD v. Marvin Lumber and Cedar Company*, 2015 WL 4078826, at *4 (M.D. Pa. July 6, 2015), the Court found reasonable a rate of $455 an hour for an attorney who has been practicing for 19 years based upon the Philadelphia CLS fee schedule.

Ms. Kalra is a 2006 law school graduate in her 10th year of practice. Courts have awarded significantly higher hourly rates for attorneys whose experience rivals or is even less than that of Ms. Kalra.

In *McGee v. Ann's Choice Inc.*, *supra*, the Court also approved a rate of $500 per hour for Justin Swidler, Esquire who graduated from law school in 2007.[5]

In *Young v. Tri County Security Agency, Inc.*, 2014 WL 1806881, at *10 (E.D. Pa. May 7, 2014), the Court approved a rate of $400 per hour for Andrew Santillo, Esquire, who graduated from law school in 2004.[6]

---

[4] Unpublished opinion, *see* Exhibit "N".

[5] *See Justin Swidler*, SWARTZ SWIDLER, https://www.linkedin.com/pub/justin-swidler/23/618/52 (last visited Apr. 2, 2016).

[6] *See Andrew Santillo*, WINEBRAKE & SANTILLO, http://www.winebrakelaw.com/attorney-profiles/andrew-santillo/ (last visited Apr. 2, 2016).

In *Ross Taylor v. Williams,* Civil Action No. 08-782, (E.D. Pa. Apr. 27, 2009), the court utilized a rate of $340 per hour for Jonathan Feinberg, Esquire who had graduated from law school approximately 8 years before.[7]

In *Choike v. Slippery Rock University of Pennsylvania of State System of Higher Educ.*, 2010 WL 4614610, at *4 (W.D. Pa. Nov. 5, 2010), a Title IX case, the Court awarded a rate of $325 per hour to Lizanne Hackett, Esquire who was 8 years out of law school.

Based upon these awards, Mr. Berney's rate of $495 per hour and Ms. Kalra's rate of $325 per hour are clearly reasonable.

## B.  THE ATTORNEY TIME INCURRED FOR PURPOSES OF THIS APPEAL IS REASONABLE.

As the Ninth Circuit has held, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008). There were two attorneys assigned to the appeal. Each attorney performed discrete tasks to guard against duplicative efforts. Additionally, prior to submission of this Application, undersigned counsel reviewed all of Parents' attorney timesheets and

---

[7] A copy of the Order is attached hereto as Exhibit "O". *See also* Exhibit "J", at ¶15.

voluntarily reduced time that was considered duplicative, redundant, and/or excessive.

Mr. Berney has incurred 23.5 hours of billable time. His timesheets are attached as part of Exhibit "A". Ms. Kalra has incurred 53.2 hours of billable time. Her timesheets are attached as part of Exhibit "B". Accordingly, the attorney's fees to date are calculated as follows:

| | |
|---|---|
| David J. Berney, Esquire | 23.5 hours X $495 per hour = $11,632.50 |
| Vanita Kalra, Esquire | 53.3 hours X $325 per hour = $17,322.50 |
| TOTAL ATTORNEY'S FEES | $28,955.00 |

## IV.    CONCLUSION

For the foregoing reasons, Parents respectfully request that this Court enter an order awarding Parents their attorney's fees and compelling District's payment within twenty (20) days of the date of this Court's Order.

Respectfully submitted,

David J. Berney, Esq.
Pa Bar ID No. 67882
Vanita R. Kalra, Esq.
   Of Counsel
Pa Bar ID No. 315451
Law Offices of David J. Berney
8 Penn Center
1628 J.F.K. Boulevard
Suite 1000

Philadelphia, Pennsylvania 19103
(215) 564-1030

Counsel for Parents
E.C. and C.O.

April 4, 2016

## CERTIFICATE OF SERVICE

I, Vanita R. Kalra, Esquire, hereby certify that on the 4th day of April, 2016, I served Appellees' Application for Attorneys Fees by electronic filing on the below listed individual, a registered CM/ECF Filing User:

Miles H. Shore, Esquire
Deputy General Counsel
The School District of Philadelphia
440 N. Broad Street
Suite 313
Philadelphia, PA 19130
mhshore@philasd.org

Counsel for Appellant
School District of Philadelphia

/s/ Vanita R. Kalra
Vanita R. Kalra

# EXHIBIT A

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

_____

E.C. and C.O., individually and          :
on behalf of C.C.O.                       :
                                          :
       Appellees,                   :
                                          :
       v.                           :          NO. 15-1825
                                          :
School District of Philadelphia           :
                                          :
       Appellant.                   :

_____

## <u>DECLARATION OF DAVID J. BERNEY, ESQUIRE</u>

 I, David J. Berney Esquire, hereby depose and state the following.

    1.     I am an attorney, duly licensed and admitted to practice before the Pennsylvania Supreme Court, the United States Court of Appeal for the Third Circuit, the United States District Court for the Eastern District of Pennsylvania, and the State of New York.

    2.     I graduated from the University of Pennsylvania Law School in 1992.

    3.     Since 1996, I have been running and operating the Law Offices of David J. Berney, P.C. The Law Offices of David J. Berney, P.C. concentrates its practice in the general area of civil rights litigation and more specifically in special education and employment discrimination law. Over fifty percent of the firm's practice is devoted to cases arising under special education and related laws.

    4.     I am the founding and managing partner of the law firm. The firm also has two associates, Jennifer Sang, Esquire and Morgen Black-Smith, Esquire, and two active "of counsel" attorneys, Megan Mahle, Esquire and Vanita Kalra, Esquire who assist the firm on special education matters.

    5.     I have litigated scores of special education cases, either serving as lead counsel or co-counsel.

6.     A small sampling of IDEA cases that have resulted in successful outcomes that I litigated or on which I supervised another attorney are as follows: *Chambers v. School District of Philadelphia,* 587 F.3d 176 (3d Cir. 2009); *E.C. v. School District of Philadelphia,* 2015 WL 921560 (E.D.Pa., March 04, 2015); *Charlene R. v. Solomon Charter School,* 2014 WL 6676575 (E.D.Pa., Nov. 21, 2014); *Charles O. v. School District of Philadelphia*, 2014 WL 4794993 (E.D.Pa. Sept. 26, 2014); *Shanea S. v. School District of Philadelphia,* 2014 WL 2586940 (E.D.Pa., June 10, 2014); *Gwendolyn L. v. School District of Philadelphia,* 2014 WL 2611041, (E.D.Pa., June 10, 2014); *J.J. v. School District of Philadelphia,* 2014 WL 2611044 (E.D.Pa. June 10, 2014); *Law Offices of David J. Berney, P.C. v. School District of Philadelphia,* 2014 WL 2611188 (E.D.Pa. June 10, 2014); *Laura P. v. Haverford School District,* 2008 WL 5000461 (E.D. Pa. Nov. 21, 2008); *Moueddene v. School District of Philadelphia*, Civil Action No. 09-1026 (E.D. Pa.); *Yvonne S. v. School District of Philadelphia*, Civil Action No. 09-2391 (E.D. Pa.) and ODR No.[1] 9693-08-09; *C.F. v. Discovery Charter School*, ODR No. 2913-11-12 AS**;** *A.H. v. Colonial School District*, *DE DP 12-10; M.H. v. Hope Charter School*, ODR No. 2784-11-12 KE; *G.D. v. Renaissance Mastery Charter,* ODR No. 1833-1011AS; *D.C. v Upper Darby School District*, ODR No. 2690-11-12 KE; *S.S. v. School District of Philadelphia*, ODR No. 2192-11-12-AS; *A.B. v. School District of Philadelphia*, ODR No. 065-09-10; *Z.W. v. School District of Philadelphia*, ODR No. 01806-10-11; *A.W. v. School District of Philadelphia*, ODR No. 1713-1011KE; *S.J. v. School District of Philadelphia,* ODR No. 1491-10-11; *J.V. v. School District of Philadelphia*, ODR, 0677-09-10; *J.H. v. School District of Philadelphia*, ODR No. 1821-10-11; *D.R. v. School District of Philadelphia,* ODR 620-09-10; *D.S. v. School District of Philadelphia,* ODR No. 8960-07-08; *R.C. v. School District of Philadelphia,* ODR No. 468-09-

---

[1] ODR stands for Pennsylvania Department of Education's Office of Dispute Resolution.

10; *T.G. v. School District of Philadelphia,* ODR No. 10063-08-09; *N.J. v. School District of Philadelphia*, ODR Case No. 2190-11-12-AS; *B.R. v. School District of Philadelphia*, ODR Case No. 9679-08-09; *J.D. v. School District of Philadelphia,* ODR Case No. 207-11-12 JS; *E.O. v. School District of Philadelphia,* ODR No. 9670-08-09; *R.B. v. School District of Philadelphia,* ODR No. 732-09-10; *D.W. v. School District of Philadelphia,* ODR No. 9563-08-09; *J.B. v. School District of Philadelphia*, ODR No. 442-09-10; *E.B. v. School District of Philadelphia,* ODR No. 949-09-10.

7.     In cases resolved over the last three years for clients alleging violations of their rights under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq*., I, along with co-counsel, have achieved recoveries on behalf of clients having an aggregate value well into the seven figures.

8.     During the course of my legal career, I have also participated in a number of other professional activities which are related to my practice. I have been a member of the Public Interest Section of the Philadelphia Bar Association since 1994. I have been a member of the Civil Rights Committee of the Philadelphia Bar Association since 1994. Both groups address issues pertaining to the rights of the disabled. I am a former Chair of the Civil Rights Committee of the Philadelphia Bar Association and former member of the Executive Committee of the Public Interest Section of the Philadelphia Bar Association. I have been a member of the Education Reform Subcommittee of the Philadelphia Bar Association. As a member, I, along with other attorneys, planned and coordinated a series of activities to protect the rights of school children, including lobbying governmental representatives, planning educational programs, such as continuing legal education courses, etc. I am also a member of the Council for Parent Attorneys Advocates, Inc. ("COPAA").  COPAA's mission is to be a national voice for special education rights and to secure high quality educational services for children with disabilities.

9.      I currently serve as an adjunct professor teaching special education law at the Drexel University Thomas Kline School of Law. In addition, I have also served as a faculty member at various local colleges, having taught courses on discrimination law, including the rights of the disabled. I have also guest lectured and been invited to speak at colleges on civil rights issues generally and the rights of students with special education needs and disabilities in particular.

10.      I also regularly present to a variety of groups on the rights of children with disabilities.

11.      I have been asked and have served as an instructor for a number of continuing legal education courses involving special education law.  For example, on October 26, 2015, I served as an instructor for the Pennsylvania Bar Institute's "2015 Exceptional Children's Conference," presenting a legal session entitled "Advanced Litigation in Federal Court."  The Exceptional Children's Conference is the premier state-wide conference on special education law in the Commonwealth of Pennsylvania.  On March 8, 2014, I served as an instructor/presenter at the annual COPAA conference for a session entitled "Transition Services and Best Practices under the IDEA."  On October 28, 2013, I  served as an instructor for the Pennsylvania Bar Institute's "2013 Exceptional Children's  Conference."  On September 25, 2013, I served as an instructor at the Public Interest Law Center  of Philadelphia Back to School for Special Education Law. On July 15, 2013, I served as an  instructor for the Pennsylvania Bar Institute's Snapshots in Special Education Law. On October  22, 2012, I served as an instructor for the Pennsylvania Bar Institute's "2012 Exceptional  Children's Conference." On July 16, 2012, I served as an instructor at the Pennsylvania Bar  Institute's Special Education Conference.  On May 11, 2012, I served as an instructor and a  moderator at the 40th Annual Education Law Conference on special education law sponsored by  Lehigh University College of Education.

4

On October 17, 2011, I served as an instructor at the Pennsylvania Bar Institute's "Exceptional Children's Conference." On April 29, 2011, I served as an instructor at the Public Interest Law Center of Philadelphia for its Hot Topics in Special Education Law. On January 20, 2011, I served as an instructor at the Family Court of Philadelphia and Philadelphia Bar Association Delivery of Legal Services Education Subcommittee's Continuing Legal Education course entitled "Special Education: Back to School Part II." I have also organized special education law conferences.

12. In the fall of 2015, I taught a ten week course on civil rights litigation that also provided continuing legal education credit.

13. Given my expertise and my reputation in this field, I am frequently consulted by more senior and more junior special education attorneys on a host of special education related matters.

14. I also write as a guest columnist for the *Legal Intelligencer* on a quarterly basis on issues related to special education law.

15. In addition to special education legal actions, I have served as counsel of record in a number of other school related matters. For example, along with several of my professional colleagues, I was counsel of record for the Philadelphia City Council, Council President, Anna C. Verna, Councilmen David Cohen, Michael A. Nutter, W. Wilson Goode, Jr., James F. Kenney, Angel L. Ortiz, Councilwomen Joan L. Krajewski, Donna Reed Miller, Marian B. Tasco, Blondell Reynolds Brown, State Senator Shirley M. Kitchen, State Representatives W. Curtis Thomas, Harold James, James R. Roebuck, John Timothy Kearney, Parents United for Better Schools; Parents Union for Public Schools; Philadelphia Student Union; the Philadelphia Branch of the NAACP, and various other individuals and entities in a lawsuit challenging the state takeover of the Philadelphia school district. *See generally Phila. City Council v. Schweiker*,

5

2002 WL 1561919 (3d Cir. July 17, 2002). I also have represented students in higher education disputes. For example, I was counsel of record in an action, representing approximately seventy-five students against a university of higher education. *See, e.g., Deen v. New School University,* 2007 WL 1032295 (S.D.N.Y., Mar. 27, 2007).[2] Recently, the Pennsylvania Human Relations Commission hired my firm to represent it in an action against the Reading School District alleging racial disparities in educational programming and services.

16.     I have also argued several civil rights matters before the Third Circuit Court of Appeals. *See Chambers v. School District of Philadelphia*, 587 F.3d 176 (3d Cir. 2009) (successfully argued appeal before the United States Court of Appeals for the Third Circuit, resulting in the Third Circuit Court of Appeals vacating judgment that had been entered in favor of the defendant on the plaintiffs' Section 504 and ADA claims); *Brown v. Commonwealth of Pennsylvania, Dept. of Health Emergency Medical Services Training Institute*, 318 F.3d 473 (3d Cir. 2003); *Brown v. Commonwealth of Pa Dept. of Health Emergency Medical Services Training Institute*, 300 F.3d 310 (3d Cir. 2002). I have also argued a number of matters before the Pennsylvania Commonwealth and Superior Courts and have worked on a number of cases that have been litigated before the Pennsylvania Supreme Court.

17.     My peers have recognized me for my outstanding legal work. From 2008-2015, Philadelphia Magazine named me a "Pennsylvania Super Lawyer." Before that, I was voted a "Rising Star Super Lawyer." The Legal Intelligencer also recognized me as a "Lawyer on the Fast Track."

18.     I have also negotiated attorney's fees in scores of special education cases. I have also prepared a number of motions for attorney's fees under federal fee shifting statutes. As part

---

[2] This case originally started as a class action lawsuit. It devolved into undersigned counsel and co-counsel representing approximately 75 students against a university.

of my preparation of these petitions, I have extensively researched the customary billing rate for attorneys who concentrate their practice in special education law in the greater Philadelphia metropolitan area.

19.     Additionally, pursuant to a right to know request that my firm has made under Pennsylvania's Right to Know law, I have also seen billing records of parent-side special education attorneys. Therefore, I am privy to records that document what other parent-side special education attorneys charge on an hourly basis.

20.     In connection with my representation of families, the various fee petitions that I have filed in federal court, and my extensive involvement with other professionals in the field of special education law through a variety of professional and social contacts, including professional list serves and organizations of which I am a member, I have contemporary and relevant knowledge of the fees customarily charged by attorneys in this field in and around the Philadelphia greater metropolitan area.

21.     As the principal of the Law Offices of David J. Berney, P.C., I have the responsibility for setting the billable rates for attorneys who work for the firm.

22.     In setting those billable rates, I am necessarily familiar with the rates that other Philadelphia firms charge in those practice areas in which my firm concentrates its practice.

23.     My services are currently billed at a rate of $495 per hour.

24.     In 2006, Vanita Kalra, Esquire graduated from Yale Law School, which according to U.S. News & World Report, is ranked as the number one law school in the nation.  Since graduation, she has worked as a litigator in civil rights and international human rights.  Given Ms. Kalra's years of experience and her exceptional litigation skills, my firm has set a billing rate of $325 per hour for Ms. Kalra's legal services.

25.     I have also incurred time in litigating the above-captioned case. True and correct copies of my timesheets are attached. My time is recorded contemporaneously with my work on this case.

26.     I have reviewed all of the timesheets that are being submitted as part of Plaintiffs' fee petition and I have voluntarily deducted time that I considered to be duplicative, redundant, or otherwise excessive.

27.     The averments contained in the Memorandum of Law in support of Plaintiffs' Motion for Attorney's Fees are true and correct to the best of knowledge, information, and belief.

28.     I declare under penalty of perjury under the laws of the United States of America and pursuant to and subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities, that the foregoing is true and correct to the best of my knowledge, information, and belief.


_____
David J. Berney, Esquire

Executed on: April 4, 2016

Timesheet
David J. Berney

| Date | Description | Time |
|---|---|---|
| 4/1/15 | reviewing Defendant's Notice of Appeal | 0.1 |
| 4/1/15 | E-mail exchange with Miles Shore, Esquire re District's notice of appeal | 0.1 |
| 4/4/15 | reviewing Clerk's Notice of Appeal | 0.1 |
| 4/6/15 | reviewing Third Circuit orders re appeal being stayed and 4/6/15 letter from Marcia Waldron requiring the filing of certain documents from the parties, including entry of appearance and disclosure form | 0.3 |
| 4/7/15 | email exchange with Vanita Kalra, Esquire re appellate brief | 0.1 |
| 4/9/15 | reviewing email from Miles Shore, Esquire re issues on appeal | 0.1 |
| 4/9/15 | reviewing and responding to email from Miles Shore, Esquire re request for stay of execution on the judgment pending District's Third Circuit appeal | 0.1 |
| 4/9/15 | reviewing email from Miles Shore, Esquire re stay of execution pending appeal without posting supersedeas bond | 0.1 |
| 4/10/15 | reviewing court notice re Motion for Stay of execution pending Third | 0.1 |
| 4/13/15 | reviewing correspondence from defense counsel | 0.1 |
| 4/14/15 | reviewing court notice re District's need to pay appeal costs | 0.1 |
| 4/19/15 | reviewing Defendant's notice of entry of appearance and concise statement of matters on appeal and completing and filing entry of appearance | 0.3 |
| 4/20/15 | reviewing court notice from Third Circuit | 0.1 |
| 4/22/15 | email to Miles Shore, Esquire | 0.1 |
| 4/22/15 | correspondence to Judge Tucker | 0.2 |
| 4/27/15 | reviewing court order | 0.1 |
| 5/5/15 | reviewing Third Circuit notice re filing requirements | 0.1 |
| 5/5/15 | reviewing status report filed by Miles Shore, Esquire | 0.1 |
| 5/20/15 | email exchange with Vanita Kalra, Esquire re entry of appearance in case | 0.2 |
| 6/8/15 | reviewing status report filed by Miles Shore, Esquire | 0.1 |
| 7/6/15 | drafting and filing status report and reviewing filed document | 0.4 |
| 7/29/15 | drafting and filing status report and reviewing filed document | 0.2 |
| 8/5/15 | reviewing order of court | 0.1 |
| 8/5/15 | reviewing order of court | 0.1 |
| 8/12/15 | reviewing correspondence from defense counsel | 0.1 |
| 8/13/15 | reviewing court notice re appeal | 0.1 |
| 8/13/15 | reviewing briefing schedule | 0.1 |
| 8/17/15 | meeting with Vanita Kalra, Esquire re briefing schedule and assigning her responsibility to draft statement of the issues, counter-statement of the facts, | 0.1 |
| 8/20/15 | reviewing correspondence from counsel press re drafting appellee's brief | 0.1 |
| 9/10/15 | reviewing and responding to email from Miles Shore, Esquire re extension of time to file Appellant's brief | 0.1 |
| 9/13/15 | reviewing court notice granting extension of time to Appellant to file brief | 0.1 |
| 9/24/15 | reviewing and responding to email from Miles Shore, Esquire re mediation | 0.1 |

Timesheet
David J. Berney

| 9/28/15 | reviewing and responding to correspondence from Vanita Kalra, Esquire re | 0.1 |
|---|---|---|
| 10/1/15 | t/c from Miles Shore, Esquire | 0.1 |
| 10/1/15 | reviewing email from Miles Shore, Esquire re appeal | 0.1 |
| 10/2/15 | t/c with Miles Shore, Esquire | 0.1 |
| 10/2/15 | t/c with Miles Shore, Esquire and email to Miles Shore, Esquire re | 0.3 |
| 10/6/15 | reviewing court notice, skimming brief and appendix and email to Vanita Kalra, Esquire, assigning her responsibility to draft Appellee's brief | 0.1 |
| 10/7/15 | reviewing court notice re Appellant's brief | 0.1 |
| 10/8/15 | email exchange with Vanita Kalra, Esquire re briefing schedule | 0.1 |
| 10/8/15 | email exchange with Vanita Kalra, Esquire re briefing schedule | 0.1 |
| 10/13/15 | conferring with Vanita Kalra, Esquire re requesting an extension of time to | 0.1 |
| 10/14/15 | email to Miles Shore, Esquire re extension of time to file brief | 0.1 |
| 10/14/15 | reviewing court notice from Third Circuit re extension of time to file brief | 0.1 |
| 11/3/15 | reviewing and responding to email from Vanita Kalra, Esquire re brief | 0.1 |
| 11/3/15 | reviewing and responding to email from Vanita Kalra, Esquire re brief and underlying due process complaint | 0.1 |
| 11/4/15 | reviewing timesheet for Vanita Kalra, Esquire | 0.1 |
| 11/18/15 | attorney-case consultation with Vanita Kalra, Esquire re brief and formatting according to federal rules of appellate procedure | 0.1 |
| 11/18/15 | revising 3rd Circuit brief and email to Vanita Kalra, Esquire re same and directing her to make additional edits | 2.4 |
| 11/21/15 | email to Vanita Kalra, Esquire re brief | 0.1 |
| 11/21/15 | reviewing and responding to email from Vanita Kalra, Esquire re brief and federal rules of appellate procedure filing requirements | 0.1 |
| 11/22/15 | revising 3rd Circuit brief and email exchanges with Vanita Kalra, Esquire re same and directing her to make additional edits | 3.2 |
| 11/23/15 | finalizing brief, supervising service and filing of brief, t/c to Third Circuit court about electronic filing | 1.3 |
| 11/23/15 | reviewing court notice | 0.1 |
| 11/23/15 | email exchange with Joseph Toto regarding reproduction of brief | 0.1 |
| 11/30/15 | email exchange with Miles Shore, Esquire re reply brief | 0.1 |
| 11/30/15 | email from Miles Shore, Esquire re reply brief | 0.1 |
| 11/30/15 | reviewing Third Circuit notice re extension of time for Appellant to file | 0.1 |
| 12/1/15 | exchange of correspondence with Vanita Kalra, Esquire re billing records | 0.1 |
| 12/15/15 | reviewing email from Third Circuit re availability for argument | 0.1 |
| 12/16/15 | filing counsel unavailability notice with court for Third Circuit argument | 0.1 |
| 12/20/15 | email to Miles Shore, Esquire re settlement | 0.2 |
| 12/22/15 | reviewing correspondence from 3rd Circuit re oral argument | 0.1 |
| 12/23/15 | reviewing reply brief filed by School District | 0.2 |
| 12/23/15 | reviewing and responding to correspondence from courier service re filing | 0.1 |

Timesheet

David J. Berney

| 12/24/15 | reviewing Third Circuit notice regarding receipt of School District's reply | 0.1 |
|---|---|---|
| 1/11/15 | reviewing email from copy service re brief production | 0.1 |
| 1/26/16 | reviewing and responding to correspondence from copy service re Third | 0.2 |
| 2/14/16 | reviewing and responding to email from Transperfect Solutions re Third Circuit brief and correspondence to Transperfect Solutions re Third Circuit | 0.2 |
| 2/17/16 | reviewing correspondence from Third Circuit that case will be decided on | 0.1 |
| 2/17/16 | attorney-case consultation with Vanita Kalra, Esquire, assigning her responsibility to research law on filing supplemental fee petition should | 0.1 |
| 2/18/16 | legal research re filing supplemental fee petition | 0.2 |
| 2/21/16 | reviewing and responding to email from Vanita Kalra, Esquire re Motion for Supplemental Attorney's Fees and Costs to be filed before 3rd Circuit | 0.1 |
| 2/23/16 | Legal research re court who decides supplemental motion for attorney's fees | 0.5 |
| 2/25/16 | email exchange with Vanita Kalra, Esquire re post-judgment interest | 0.1 |
| 2/27/16 | email to Vanita Kalra re obtaining affidavits in support of Application for Supplemental Attorney's Fees and Costs | 0.1 |
| 3/2/16 | reviewing and responding to email from Vanita Kalra, Esquire regarding where to file Motion for Post-Judgment Interest and where to file request for | 0.1 |
| 3/11/16 | email to Judith Gran, Esquire, requesting an affidavit in support of application for attorney's fees and costs | 0.1 |
| 3/11/16 | email exchange with Alan Yatvin, Esquire re declaration in support of Application for Attorney's Fees | 0.1 |
| 3/14/16 | email exchange with Alan Yatvin, Esquire re declaration in support of Application for Attorney's Fees | 0.1 |
| 3/21/16 | reviewing order and decision of Third Circuit, affirming lower court, and reviewing correspondence from Third Circuit re decision and email to Vanita Kalra, Esquire re decision and filing Application for Attorney's Fees | 0.4 |
| 3/22/16 | email exchange with Vanita Kalra, Esquire re filing bill of costs and obtaining declarations from Franca Palumbo, Esquire and Jennifer Clarke, Esquire in support of Motion for Attorney's Fees and Costs | 0.2 |
| 3/23/16 | attorney-case consultation with Vanita Kalra, Esquire re Bill of Costs, Motion for Interest, and Motion for Attorney's Fees and Costs | 0.1 |
| 3/23/16 | Email exchanges with Judith Gran, Esquire re Declaration in Support of Application for Attorney's Fees and Costs | 0.2 |
| 3/29/16 | Email to Miles Shore, Esquire re Third Circuit order and decision and attorney's fees and costs that are due from underlying trial court order and | 0.1 |
| 3/29/16 | Reviewing email from Miles Shore, Esquire re Third Circuit judgment and attorney's fees and costs that are due | 0.1 |

Timesheet
David J. Berney

| | | |
|---|---|---|
| 3/29/16 | Email to Franca Palumbo, Esquire re declaration in support of Application for Attorney's Fees; email to Jennifer Clarke, Esquire re declaration in support of Application for Attorney's Fees, drafting David Berney's declaration in support of Application for Attorney's Fees and email to Judith | 0.6 |
| 3/29/16 | email to Jonathan Corchnoy, Esquire for affidavit in support of attorney's | 0.2 |
| 3/29/16 | email to Ben Hinerfeld, Esquire, requesting declaration in support of Application for  Attorney's Fees | 0.2 |
| 3/30/16 | email to Vanita Kalra, Esquire re Motion for Post-Judgment interest | 0.1 |
| 3/31/16 | email exchange with Ben Hinerfeld, Esquire re declaration in support of Application for Attorney's fees | 0.1 |
| 3/31/16 | reviewing Kershenbaum declaration in support of Application for Attorney's | 0.1 |
| 3/31/16 | reviewing Corchnoy declaration in support of Application for Attorney's | 0.1 |
| 4/1/16 | email to Jenny Clarke, Esquire re declaration in support of Application for Attorney's Fees and Costs | 0.1 |
| 4/1/16 | reviewing email from Jenny Clarke, Esquire re declaration in support of Application  for Attorney's Fees and Costs | 0.1 |
| 4/1/16 | skimming *Johnson v. Dependability*, 2016 WL 852038 for post-judgment | 0.1 |
| 4/2/16 | reviewing and revising Plaintiffs' Motion for Post-Judgment Interest and assigning Vanita Kalra, Esquire responsibility to file | 0.3 |
| 4/2/16 | email exchanges with Vanita Kalra, Esquire re Plaintiffs' Third Circuit application for attorney's fees and costs and formatting of same | 0.2 |
| 4/2/16 | email exchange with Vanita Kalra, Esquire re bill of costs | 0.1 |
| 4/2/16 | editing proposed order for Motion for Post-Judgment Interest | 0.2 |
| 4/2/16 | editing Application for attorney's fees and costs | 1.4 |
| 4/3/16 | editing Application for attorney's fees and costs and email to Judith Gran, | 0.4 |
| 4/4/16 | email exchange with Vanita Kalra, Esquire re finalization of Application for Attorney's Fees and Costs and email exchange with Vanita Kalra, Esquire re | 0.1 |
| 4/4/16 | reviewing email from Judith Gran, Esquire re declaration in support of Plaintiffs' Application for Attorney's Fees and Costs | 0.1 |
| 4/4/16 | reviewing court notice re Plaintiffs' Motion for Post-Judgment Interest | 0.1 |
| 4/4/16 | reviewing and revising Law Firm's attorney timesheets/billing records | 0.6 |
| 4/4/16 | t/c to Transperfect Legal Solutions re bill of costs | 0.1 |
| 4/4/16 | preparing bill of costs and t/c and email communications with Vanita Kalra, | 0.2 |
| 4/4/16 | reviewing Third Circuit notice re filing of Bill of Costs | 0.1 |
| 4/4/16 | reviewing court notice approving Plaintiffs' bill of costs | 0.1 |
| | | |
| | **Total Hours** | **23.5** |
| | Hourly Rate | $495.00 |
| | **Lodestar** | **$11,632.50** |
| | | |

# EXHIBIT B

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

E.C. and C.O., individually and                    :
on behalf of C.C.O.                                :
                                                   :
      Appellees,                            :
                                                   :
      v.                                    :        NO. 15-1825
                                                   :
School District of Philadelphia                    :
                                                   :
      Appellant.                            :

_____

### <u>DECLARATION OF VANITA KALRA, ESQUIRE</u>

I, Vanita Kalra, Esquire, hereby depose and state the following.

1.      I am Of Counsel to the Law Offices of David J. Berney, P.C., a civil rights-based

law firm.

2.      I am admitted to practice before the Third Circuit Court of Appeals, the United

States District Court for the Eastern District of Pennsylvania, the Commonwealth of

Pennsylvania, the District of Columbia, and the State of North Carolina.

3.      I am a 2002 graduate of North Carolina State University with a B.S. in Chemical

Engineering, *summa cum laude*. While in college, I worked extensively on education policy and

disability rights issues, chairing the Senate committee on diversity, leading initiatives around

access to education, and serving as the sole student representative on the Faculty Committee on

Disability, charged with improving school access and opportunity under the ADA.

4.      In the year after graduating from college, I started an education policy think tank

and served as a substitute teacher for both regular education and special education classrooms in

the Wake County Public School System in North Carolina.

5.      I graduated from Yale Law School in 2006, having served as Articles and Case

Studies Editor for the Yale Journal of Health Policy, Law, and Ethics, as a Student Director for

the Advocacy for Children and Youth Clinic, and as a Student Director for the Representing

Children Worldwide project, the largest single survey of the theoretical and practical

implementation of the UN CRC Article 15's guarantee of the child's right to be heard in

protective proceedings in all signatory and US jurisdictions.

      6.     Since graduation, I have worked primarily in the areas of civil rights and

international human rights, both domestically and abroad, performing legal research, analysis,

and writing and providing legal advising.  Examples of such work are:

      a.  Drafting contracts, joint venture agreements, purchase agreements, and
memoranda of understanding in connection with a twenty-six million dollar
($26M) affordable housing development.

      b.  Drafting memoranda to the US Department of Housing and Urban
Development recommending regulatory and statutory changes, based on
ground-level results, to its multi-million dollar Neighborhood Stabilization
Program.

      c.  Drafting arguments based on principles of international evidentiary law on the
use of video recorded witness testimony for the Truth and Reconciliation
Commission and Special Tribunal in Burundi.

      d.  Drafting statutes for congressional members in the Philippines to, *inter alia*,
create a telecommunications relay system for the disabled, reform the
Customs Bureau, regulate the gambling industry, and create a Department of
Water and Sanitation and streamline existing water agencies.

      7.     I have also participated in the prosecution of complex litigation, including the

successful prosecution of the Chief Justice of the Supreme Court of the Philippines as well as the

most complex international criminal case since the Nuremberg Trials, at the Extraordinary Chambers in the Courts of Cambodia.

8.    Since March 2013, I have been assisting the Law Offices of David J. Berney, P.C. with its special education practice both at the administrative and federal court levels. During this time, I have achieved recoveries on behalf of clients in an aggregate amount into the seven figures.

9.    A small sampling of cases in which I have obtained successful outcomes in special education matters include the following:  *In Re: D.E. and A.H.D.* (two cases totaling roughly 3,400 hours of compensatory education, private placement, and attorney's fees for a combined value of approximately $350,000); *In Re D.E. and A.S.D.* (two cases totaling roughly 3,400 hours of compensatory education, private placement, and attorney's fees for a combined value of approximately $350,000); *In Re L.S. and S.S.* (recovered 2,450 hours of compensatory education, placement at a specialized vocational school, payment of evaluations, and attorney's fees for a combined value of approximately $205,000); *In Re L.R. and R.R.* (recovered 1,650 hours of compensatory education, private placement, and attorney's fees for a combined value of approximately $160,000); *In Re F.H. and M.H.* (recovered 1300 hours of compensatory education and attorney's fees for a combined value of approximately $93,000); *In Re F.H. and Q.H.* (recovered 1300 hours of compensatory education and attorney's fees for a combined value of approximately $93,000); *In Re K.G. and H.S.* (recovered $75,000 in a special needs trust and attorney's fees for a combined value of approximately $93,000); *In Re K.T. and C.T.* (recovered 600 hours of compensatory education, $36,000 in a special needs trust, and attorney's fees for a combined value of approximately $85,000); *In Re A.B., S.G.B., and S.B.* (recovered $60,000 in a special needs trust and attorney's fees for a combined value of approximately $77,000).

10.    My legal services are billed at a rate of $325 per hour.

11.     True and correct copies of my timesheets are attached.  My time is recorded contemporaneously with my work on this case.

I declare under penalty of perjury under the laws of the United States of America and pursuant to and subject to the penalties of 18 Pa. C.S. §4904 and 28 U.S.C. § 1746, relating to unsworn falsification to authorities, that the foregoing is true and correct to the best of my knowledge, information, and belief.


_____
Vanita Kalra, Esquire


Dated: April 2, 2016

Timesheet
Attorney: Vanita R. Kalra

| Date | Description | Time |
|------|-------------|------|
| 8/14/15 | Reviewed briefing schedule | 0.1 |
| 8/17/16 | Meeting with David Berney, Esquire re briefing schedule and assigning me responsibility to draft statement of the issues, counter-statement of the facts, | 0.1 |
| 10/6/15 | Reviewed e-mail from David J. Berney, Esq. re: District filings in case | 0.1 |
| 10/8/15 | Reviewed 3rd Circuit briefing rules and exchanged e-mails with David J. Berney, Esq. re: 3rd Circuit briefing letter | 0.1 |
| 10/13/15 | Exchanged e-mails with David J. Berney, Esq. re: requesting extension to file Appellee's brief | 0.1 |
| 10/13/15 | E-mailed Miles Shore, Esq. re: any objection by District to extension to file | 0.1 |
| 10/14/15 | T/c with Third Circuit's Clerk's office re: requesting extension of time to file | 0.2 |
| 11/3/15 | Reviewed Appellant's Brief and Appendix, reviewed initial due process complaint filed in case, reviewed District Judge's ruling, preliminary case law | 2.8 |
| 11/9/15 | Began drafting Appellee Brief, reviewed case law | 4.5 |
| 11/10/15 | Continued drafting Brief | 6.1 |
| 11/11/15 | Continued drafting Brief | 4.5 |
| 11/12/15 | Continued drafting Brief | 4.5 |
| 11/13/15 | Finished drafting Brief, including all formatting sections, certificates, etc. | 3.2 |
| 11/18/15 | Attorney case consultation with David J. Berney, Esq. re: brief, timeline for completion, and rules for filing | 0.1 |
| 11/19/15 | Revised brief | 1.3 |
| 11/21/15 | Revised brief and research regarding judicial notice and School District's | 9.4 |
| 11/22/15 | Revised and finalized brief, added all citations and table of authorities, formatted, and ensured compliance with federal and local appellate rules | 5.2 |
| 2/17/16 | Attorney case consultation with David J. Berney, Esq. re: Court deciding case on the briefs, reviewing rules for submitting supplemental request for attorney's | 0.1 |
| 2/17/16 | Reviewed 3rd Cir rules on submitting supplemental request for attorney's fees | 0.1 |
| 2/22/16 | Reviewed and responded to e-mail from David J. Berney, Esq. re: requesting interest on underlying award | 0.1 |
| 2/25/16 | Research on motions for postjudgment interest including, but not limited to, *Eaves v. County of Cape May*, *Bernback v. Grec*, FRCP 54 | 0.8 |
| 2/26/16 | Reviewed fee filings from Dawn J. v. Sch. Dist. of Phila. and attorney consult re: procedural questions for recovering fees from 3d Cir and post-judgment fees | 0.2 |
| 2/29/16 | Attorney-consult re procedural questions for recovering fees from 3d Cir and post-judgment fees from district court | 0.1 |

Timesheet
Attorney: Vanita R. Kalra

| | | |
|---|---|---|
| 3/2/16 | Conducted additional research on proper venue for fee petitions after Third Circuit awards and motions for postjudgment interest on district court awards, including but not limited to: *D.S. v. Neptune Tp. Bd. of Educ., C.H. v. Jefferson Tp. Bd. of Educ., Neena S. v. Sch. Dist. Phila., D.B. v. Gloucester Tp. Sch. Dist., Templin v. Independence Blue Cross, Local Union 1992 v. Okonite, GLeS v. MK, Bryan v. Commissioner of Social Sec., Glenn v. Dunlop, Murdock v. Borough of Edgewater, Diana v. Oliphant, Fleming Steel v. W.M. Scholsser, ComFed Sav. Bank v. Newtown Commons, Herman v. City of Allentown, Sun Ship v. Matson, Corbett v. National Products, Witkowski v. International* | 0.9 |
| 3/21/16 | Reviewed e-mail from David J. Berney, Esq. re: decision in 3d Cir and assigning me responsibility to draft application for supplemental attorney's fees | 0.1 |
| 3/23/16 | Attorney case consultation with David J. Berney, Esq. re: attorney's fee filings | 0.1 |
| 3/25/16 | E-mailed Ryan Hancock, Esq., requesting declaration in support of Application for  Attorney's Fees | 0.1 |
| 3/25/16 | E-mailed Jonathan Feinberg, Esq. re: requesting declaration in support of Application for  Attorney's Fees | 0.1 |
| 3/27/16 | Began drafting Application for Attorneys Fees and Costs | 0.8 |
| 3/28/16 | Assisted Jennifer Clarke, Esq. and Franca Palumbo, Esq. with declarations in support of Application for Attorney's Fees | 0.2 |
| 4/1/16 | Legal research re Motions for Post-Judgment Interest, Drafted Motion for Post-Judgment Interest , reviewed Federal and ED Pa rules on Post-Judgment Interest, e-mailed to David J. Berney, Esq. for review | 1.6 |
| 4/2/2016 | Researched relevant treasury rate, revised Motion for Post-Judgment Interest for treasury rate in light of additional comments from David J. Berney, Esquire | 0.6 |
| 4/2/2016 | Finished drafting Application for Attorney's Fees, reviewed affidavits of Ryan Hancock, Esq. and Jonathan Feinberg, Esq. and prepared relevant exhibits for | 2.2 |
| 4/2/2016 | Revised my affidavit to support Plaintiffs' Application for Attorney's Fees | 0.1 |
| 4/3/2016 | Revised and finalized Motion for Post-Judgment Interest | 0.2 |
| 4/3/2016 | Revised Plaintiffs' Application for Attorney's Fees in light of comments from David J. Berney, Esquire | 1.0 |
| 4/4/2016 | Added exhibits to Motion for Post-Judgment Interest and finalized and filed Motion for Post-Judgment Interest | 0.3 |
| 4/4/2016 | Finalized and filed Bill of Costs | 0.1 |
| 4/4/2016 | Finalized and filed Plaintiffs' Application for Attorneys Fees and Costs, finalized Application and Exhibits, and filed | 0.8 |
| | Prepared Timesheet | 0.3 |
| | | |
| | **Total Hours** | **53.3** |
| | Hourly Rate | $325.00 |
| | **Payment Due** | **$17,322.50** |

# EXHIBIT C

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

E.C. and C.O., individually and      :
on behalf of C.C.O.      :
     :
       Appellees,      :
     :
       v.      :     NO. 15-1825
     :
School District of Philadelphia      :
     :
       Appellant.      :

## DECLARATION OF JENNIFER R. CLARKE IN SUPPORT
## OF PLAINTIFFS' APPLICATION FOR ATTORNEYS FEES

Jennifer R. Clarke, declares and states:

1.     This declaration is submitted in support of Plaintiffs' application in this matter for attorneys' fees and costs.

2.     I am the Executive Director of the Public Interest Law Center of Philadelphia (the "Law Center"). I have held this position since February 1, 2006.

3.     I graduated from Columbia University School of Law in 1982 (J.D. Stone Scholar). While there I was an editor of the Columbia Law Review.

4.     Prior to my arrival at the Law Center, I had been a partner at Dechert LLP since 1991. I focused on complex, multi-party class action litigation. I was an associate at Dechert Price & Rhoads from 1987 until I became a partner in 1991 and I was an associate at White & Case in New York City and Washington D.C. from 1983 until 1987.

5.     During my 15 years as a partner at Dechert, I was responsible for billing my clients and I participated in establishing my own hourly rates as well as those for my partners

and associates. I also became knowledgeable about rates charged by other lawyers in the Philadelphia area and elsewhere. I retained lawyers as local counsel or as co-counsel, I reviewed surveys and other publications regarding hourly rates and I reviewed petitions for attorneys' fees submitted by opposing counsel.

6.      When I arrived at the Public Interest Law Center of Philadelphia, I conducted a review of the then-existing hourly rates for Law Center lawyers. In my experience, those rates appeared drastically below market and below the rates charged by lawyers of comparable experience and expertise. Among other things, those rates were a fraction of those that I had charged my clients while a partner at Dechert. I learned that the rates being applied by the Law Center in fee petitions had not been changed for approximately six years; in other words, the same rates had been in effect since approximately 2001.

7.      I decided to conduct a more in-depth review of the available data on the rates charged in this market for comparable work. Because the Law Center is prohibited, by virtue of its tax exempt status, from charging fees from our clients, we do not have the direct data that other lawyers might have; that is, what fees our clients actually pay us. Therefore, I consulted several other sources. The most useful and relevant sources were the fee petitions that we jointly prepare and submit with the law firms that partner with us on our cases. I also consulted a January 1, 2006 study conducted by Altman Weil of rates charged in Pennsylvania; a study of rates in Philadelphia published in December 2005 by the Legal Intelligencer; and a firm-by-firm study of rates published by the National Law Journal in 2002.

8.      Based on this review, I determined that we should increase our rates for our lawyers such that those rates would approach, although not yet equal, the current market rates for comparable work. Accordingly, on August 23, 2007, I published internally a new rate structure

to become effective September 1, 2007.

9.    In 2014, I undertook an additional review of market rates to determine whether increases in our rates were warranted.  I consulted a new rate schedule published by Community Legal Services, available at http://clsphila.org/about-cls/attorney-fees and a National Law Journal 2013 survey of billing rates (Philadelphia-based firms).  Based on this review, I published internally an updated rate schedule, effective October 1, 2014.

10.    I am familiar with the Law Offices of David J. Berney, P.C., a boutique civil rights law firm that concentrates its practice, *inter alia,* in the area of special education law.

11.    I know David J. Berney, Esquire who graduated from University of Pennsylvania Law School in 1992.  Mr. Berney has concentrated his practice in the areas of civil rights and special education law.

12.    It is my understanding that Vanita Kalra (J.D., Yale 2006) performs legal work for the Law Offices of David J. Berney, P.C.

13.    Mr. Berney advises me that his firm seeks statutory billing rates of $495 per hour for himself and $325 per hour for Ms. Kalra.

14.    I have reviewed the affidavits of David Berney, Esquire and Vanita Kalra, Esquire.

15.    The billable rate for Ms. Kalra is well within the range of our fee schedule, and the rate for Mr. Berney is below the range of our fee schedule. The schedule contains a range of $520 to $590 per hour for a lawyer with 21-25 years of experience.  The billing rate of $495 per hour is below this range.  The schedule contains a range of $265 to $335 per hour for a lawyer with 2-10 years of experience.  A rate of $325 per hour for Ms. Kalra falls within the range of our schedule, which reflects the prevailing rates in Philadelphia.  Based on these facts, the billing

rates of Mr. Berney and Ms. Kalra are reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2016

Jennifer R. Clarke

# EXHIBIT D

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

E.C. AND C.O., INDIVIDUALLY
AND ON BEHALF OF C.C.O.,

Appellees,

      v.                                 Civil Action No. 15-1825

School District of Philadelphia,
Appellant.

_____

## <u>DECLARATION OF JUDITH A. GRAN, ESQ.</u>

      Judith A. Gran makes the following declaration pursuant to 28 U.S.C. § 1746, in support of Plaintiffs' Motion for Attorney's Fees and Costs.

      1.      I am a partner in the law firm Reisman Carolla Gran, LLP, in Haddonfield, New Jersey. I have held this position since December 1, 2009. Before that, I worked at the Public Interest Law Center of Philadelphia as a staff attorney from July, 1984 to November, 2009. I served as the Director of Disability Projects at the Law Center from February, 1998 until I left the Law Center.

      2.      I graduated _cum laude_ from Temple University School of Law in 1983, where I served on the staff of the Temple Law Quarterly.

      3.      I am a founding member of the Council of Parent Attorneys and Advocates, the leading national organization of lawyers who represent parents in cases on behalf of special education students, and served as its chair from 2002 to 2004. At every annual COPAA conference since 1999, I have presented a review of the year's case law in the Courts of Appeals in a conference plenary session.

4.     I speak regularly to groups of parents, attorneys, educators, advocates and service providers on topics related to special education, civil rights, and disability rights and have served on the faculty of programs of the Pennsylvania Bar Institute and the New Jersey Institute for Continuing Legal Education related to disability rights.

5.     I am admitted to practice in the Supreme Court of Pennsylvania, in the Eastern and Middle Districts of Pennsylvania, the Western District of Tennessee, the Southern District of Texas, the Court of Appeals for the Third Circuit, and other Courts of Appeals. I regularly practice in other jurisdictions by admission *pro hac vice*.

6.     Both at the Law Center and at my current firm, my practice has consisted mostly of litigation. For more than thirty years, I have handled a combination of systemic class action litigation and individual cases in the areas of special education and civil rights of persons with disabilities. Some of the more complex cases in which I have served as counsel include *Halderman v. Pennhurst*, C.A. No. 74-1345 (E.D. Pa.), in which I represented the Arc of Pennsylvania and the plaintiff class during the implementation phase of the case, from 1985 through 1998. Implementation of the consent decree in that case led to significant improvements in community service systems in Philadelphia and other counties. I have represented the plaintiff class in similar class action suits on behalf of institutional residents in Pennsylvania, Connecticut, Illinois, Oklahoma, New Mexico, Montana, California and Tennessee. *See, e.g., United States of America and People First of Tennessee v. State of Tennessee*, 615 F.3d 646 (6th Cir. 2010), 143 F. Appx. 656 (6th Cir. 2005), 260 F.3d 587 (6th Cir. 2001); *Messier v. Southbury Training School*, 562 F. Supp. 2d 294 (D. Conn. 2008), *Jackson v. Fort Stanton Hosp. & Training Sch.*, 757 F. Supp. 1243 (D.N.M.), *rev'd in part, appeal dismissed in part,* 964 F.2d 980 (10th Cir. 1992), *Halderman v. Pennhurst State School and Hospital*, 49 F.3d 939 (3d Cir. 1995),

2

977 F.2d 568 (3d Cir. 1992), 901 F.2d 311 (3d Cir. 1990), 9 F. Supp. 2d 544 (E.D. Pa. 1998).

7.     I represented the plaintiff class in *Gaskin v. Commonwealth of Pennsylvania*, C.A. No. 94-4048, a case brought to enforce the least restrictive environment mandate of the Individual with Disabilities Education Act, throughout the litigation and implementation phases of that action. *See Gaskin v. Pennsylvania*, 389 F.Supp.2d 628 (E.D.Pa. 2005).

8.     I represented the plaintiffs in a similar case in the District of New Jersey. I also represented the plaintiff class in *Merry v. Parkway Sch. Dist.*, No. 88-2129-C-4 (E.D. Mo.), a class action against Special School District of St. Louis County, Missouri, a local school district in the county that automatically referred all children suspected of being eligible for special education services to the Special School District, and the state Department of Education. The plaintiffs obtained a settlement that required local school districts in the County to provide special education services to students who resided in those districts.

9.     Both at the Law Center and at my present firm, I have prepared and reviewed numerous petitions for attorney fees and costs under federal fee shifting statutes. I have also been responsible for negotiating attorney fees and costs in the majority of my cases.  Those matters concerned both my own hourly rates and those of my colleagues with greater or less experience than my own. Because reasonable market rates form the basis of attorney fee requests under fee-shifting statutes, I have become familiar with market rates in the Southeastern Pennsylvania area, other parts of Pennsylvania, and other states.

10.     My partners at Reisman Carolla Gran LLP and I periodically review our rates against those charged by attorneys of comparable experience and expertise. The rates we charge paying clients are usually discounted rates, because few parents of children and adults with disabilities are able to pay market rates for an extended legal proceeding. Recently, after

3

reviewing the fee schedule established by Community Legal Services of Philadelphia in 2014, we revised the rates at which we will seek court-awarded attorney fees in cases in which our clients are prevailing parties. The CLS fee schedule is based on Philadelphia law firm market survey data and increases in the Consumer Price Index. *See* [https://clsphila.org/about-cls/attorney-fees](https://clsphila.org/about-cls/attorney-fees). We also considered the Report and Recommendations of Magistrate Judge Lynne Sitarski in *I.W. v School Dist. of Philadelphia*, No. 2:14-cv-03141-CDJ (E.D. Pa., January 13, 2016). We concluded that an hourly rate of $650 is appropriate for my services, as I have nearly 33 years' experience in the specialized fields of special education and disability rights. We set hourly rates for other attorneys in our firm at $400 to $600.

11.     I am familiar with the work of David J. Berney and his associates and with the excellent results that they have achieved for their clients. Mr. Berney and I have conferred with each other on our respective cases, and I have read the decisions in many of their cases and discussed those cases with him. Mr. Berney is highly respected among lawyers in the Philadelphia area who handle civil rights cases and education cases, particularly for his expertise in litigation, and is considered a leader in the special education bar.  I and other attorneys who practice in this area frequently consult him for advice and recommendations when difficult issues arise in our own cases. Mr. Berney has also done an excellent job of recruiting, training and mentoring associates who have consisted demonstrated work of high quality.

12.     In my opinion, the rate of $495 an hour sought by Mr. Berney is more than reasonable and within the range of fees customarily charged in Philadelphia for work of comparable complexity and by a person with Mr. Berney's experience and expertise.

13.     The rate sought by Vanita Kalra from Mr. Berney's firm at $325 per hour is also reasonable and consistent with the CLS fee schedule cited above. I am familiar with Ms. Kalra's

work. She like the other associates in Mr. Berney's firm, has demonstrated intelligence, dedication, persistence and command of the technical field of special education that is well beyond the norm for members of the special education bar in the Greater Philadelphia area.

I declare under penalty of perjury under the laws of the United States of America and pursuant to and subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Judith A. Gran
Reisman Carolla Gran, LLP
19 Chestnut Street
Haddonfield, NJ 08033

Dated: April 4, 2016

# EXHIBIT E

# DECLARATION OF ALAN L. YATVIN
## IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

**ALAN L. YATVIN** makes the following declaration, pursuant to 28 U.S.C. § 1746, and hereby states that:

1.  I am in private practice in Philadelphia, Pennsylvania and a partner in the law firm of *Popper & Yatvin*. I have been engaged in the practice of law since 1983.
2.  I am a 1983 graduate of the Benjamin N. Cardozo School of Law, where I was selected as: a Samuel Belkin Scholar, a member of the Criminal Law Clinic, a member of the F. Lee Bailey Moot Court Team, and was selected to deliver the student commencement address.
3.  I am a member of the bars of the Supreme Court of Pennsylvania, United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the Eleventh Circuit (inactive) and the United States Supreme Court. I am also admitted to practice before the United Nations International Criminal Tribunal for the Former Yugoslavia (ICTY) in The Hague, The Netherlands, the United Nations Mechanism for International Criminal Tribunals (MICT), The Hague and Arusha, Tanzania, and the Bar of the Kingdom of Cambodia, for practice before the Extraordinary Chambers in the Courts of Cambodia (ECCC), also known as the Khmer Rouge Tribunal.
4.  Prior to co-founding *Popper & Yatvin* with Howard D. Popper in 1988, I served as an assistant Philadelphia and Federal Defender in the Defender Association of Philadelphia.
5.  I am recognized by other attorneys as a specialist in civil rights and children's disability rights matters. At present, approximately 90% of my practice hours are devoted to this type of litigation.
6.  My practice has included hundreds of civil and criminal non-jury and jury trials, appeals, administrative hearings, and other adversary proceedings, in state and federal forums, mostly in Pennsylvania, but also including *pro hac vice* admissions in U.S. District Courts in Florida and New Jersey.
7.  I have tried all manner of cases, in both Federal and State Courts, including death penalty homicides, and complicated police misconduct *Monell* cases. I have also been counsel in class actions which were resolved favorably to the class prior to trial.
8.  I have briefed and/or argued appellate matters before the Third Circuit Court of Appeals, the Pennsylvania Supreme Court, the Pennsylvania Commonwealth Court, the Pennsylvania Superior Court, the Eleventh Circuit Court of Appeals, the United States Supreme Court (certiorari) and the Appeals Chamber of the United Nations International Criminal Tribunal for the Former Yugoslavia.
9.  I am a frequent presenter and course planner at CLEs, including presenting for the Pennsylvania Bar Institute on an almost annual basis for more than a decade. I was the course planner and a presenter of the section entitled *Rights and Needs of Students with Diabetes*, at the PBI's 2012 Exceptional Children Conference scheduled October 22, 2012, cosponsored with the PBA Legal Services for Exceptional Children Committee. This

statewide CLE is the preeminent annual special education continuing legal educational program in Pennsylvania. I also presented *Advocating for the Rights of Students with Diabetes* at the 15th Annual Conference of The Council of Parent Attorneys and Advocates (COPAA), Albuquerque, New Mexico (March 2013).

10. The Board of Judges for the First Judicial District of Pennsylvania (FJD) has appointed and reappointed me as Chair of the Philadelphia Court Appointments Certification Committee, which certifies counsel to represent indigent criminal defendants, a position I have held for over two decades. In that capacity I also served as a member of the FJD's Homicide Appointment System Selection Committee in 2011-2012.

11. Until just recently, I had been a member of the Editorial Advisory Board of *The Legal Intelligencer* for nearly 20 years.

12. I have taught trial advocacy to law students at The Cardozo School of Law of Yeshiva University, Intensive Trial Advocacy Program, almost every January since 1986.

13. I am a member of the National Board of Directors of the American Diabetes Association. From 2011-2013 I served as National Legal Advocacy Chair for the American Diabetes Association. In that capacity I was the Association's lead volunteer on legal issues involving persons with diabetes, including discrimination in employment, public accommodations, driving, prisons, police and, most significantly, the rights and needs of children with diabetes in schools. I am directly involved in the Association's decision making on matters of the Association's litigation, *amicus* filings, allocation of resources, legislation and rule making. In am a recipient of the 2007 American Diabetes Association Volunteer Leadership Professional Award for my work as lead counsel in *Rosen v. City of Philadelphia* a class action on behalf of persons with diabetes who come into the custody of the Philadelphia Police Department.

14. In 1999 *Philadelphia Magazine* named me as one of Philadelphia's Best Lawyers.

15. I have been named a Pennsylvania Super Lawyer in the area of Civil Rights every year since the survey's inception in 2004, including 2015.

16. I am a recipient of the First Judicial District of Pennsylvania 2010 *Pro Bono Publico* Award.

17. I am the recipient of the Philadelphia Bar Association's 2012 Thurgood Marshall Award.

18. I serve as an elected member of the Membership Committee of the Association of Defence Counsel (ADC), the approved and mandatory bar association of the United Nations ICTY and MICT, The Hague, The Netherlands, from 2007 - 2011 and 2013-Present, including five terms as Chair.

19. I have been a litigator for the entirety of my legal career, including as trial counsel, researching and writing, and in appellate matters.

20. I was admitted to the United States District Court for the Eastern District of Pennsylvania in 1985 and I have been practicing before this Court since 1987.

21. In 2010 I was recognized by Martindale-Hubbell for 15 years with an A-V rating, which is the highest rating available for both professional competence and ethical integrity. I have continued to receive an A-V rating in each subsequent year, including 2015.

22. I have been involved in special education matters, specifically, first as a parent of a child with a learning disability, and for more than a decade as a parents' attorney.

23. I am considered an expert in special education and children's disability rights matters by my colleagues in the Philadelphia area.
24. I am considered an expert in disability rights law for children with diabetes in Pennsylvania and nationally.
25. My Philadelphia special education colleagues seek me out for consultation and referrals on special education matters that are unusual, complicated, have a damages component, or which appear likely to involve federal litigation at some stage. The reasons for my position with my Philadelphia colleagues in this regard include my broad and deep trial and appellate experience, my federal litigation experience and practice, my national disability rights experience, my special education experience and my litigation skills.
26. I have known David Berney since the mid-1990's.
27. I have since maintained a professional relationship with David Berney.
28. On numerous occasions I have had the opportunity to discuss special education and disability rights matters with David.
29. I have consistently found David to be knowledgeable, prepared and conscientious in his representation of special needs children.
30. David is actively involved in special education litigation, with parents' attorney advocacy and education, and teaching in the area of special education.
31. In all my interactions with David he has impressed me as a scholarly, experienced advocate on behalf of special needs children and their families.
32. There is no readily ascertainable "market rate" for plaintiffs' attorneys in civil rights and disability rights cases, as such. Most civil/disability rights plaintiffs are too impecunious to be able to afford to pay counsel on an hourly basis. Virtually all such litigation is conducted on a contingent fee basis, with counsel relying primarily upon the relevant fee shifting statutes for remuneration.
33. In my experience, and upon information and belief, civil rights and disability rights cases are highly contingent and the rate of recovery for plaintiffs in this area is substantially lower than tort cases in general.
34. In my experience the Philadelphia market compensates attorneys in contingent cases at a higher rate than retained hourly rate cases due to the speculative nature of such cases.
35. As a result of my research and from personal experience, I am quite familiar with the provisions of fee shifting statutes, including 20 U.S.C. § 1415(i)(3) and 42 U.S.C. § 1988, as they have been interpreted by federal and state courts in awarding attorneys fees and costs to prevailing plaintiffs under the IDEA and the Civil Rights Act.
36. Also as a result of research and personal experience, I am familiar with the application of fee shifting statutes, like 20 U.S.C. § 1415(i)(3) and 42 U.S.C. § 1988, in the United States District Court for the Eastern District of Pennsylvania.
37. I am familiar with the hourly rates charged by attorneys in this geographical area, including my own rate, which is $625.
38. Mr. Berney's rate of $495 per hour is within the range of fees charged by attorneys of comparable reputation, skill and experience within this geographical area, which is the Philadelphia market.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 11th day of March, 2016.

_____

ALAN L. YATVIN

# EXHIBIT F

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

E.C. and C.O., individually and       :
on behalf of C.C.O.               :
                                    :
       Appellees,           :
                                      :
       v.                :     NO. 15-1825
                                      :
School District of Philadelphia      :
                                      :
       Appellant.          :

_____

## <u>DECLARATION OF FRANCA PALUMBO, ESQUIRE</u>

I, Franca Palumbo, declare the following pursuant to 28 U.S.C. § 1746.

1.     I am an attorney, duly licensed and admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the Commonwealth of Pennsylvania.

2.     I received both my law degree and my undergraduate degree from the University of Pennsylvania.

3.     I am a principal of the law firm of Thalheimer & Palumbo. My practice consists exclusively of representing children with special education needs. I have been practicing special education law since 2002.

4.     Prior to 2002, I was a litigation associate with the Dechert law firm in Philadelphia.

5.     I have represented hundreds of children with special education needs in administrative cases filed under the Individuals with Disabilities Education Act and Section 504 of the Rehabilitation Act.

6.      I am a board member of the Pennsylvania branch of the international dyslexia Association.

7.      Based upon my experiences litigating special education matters, I am familiar with what attorneys and experts in the field of special education typically charge in the Philadelphia greater metropolitan area, and I am in a position to opine regarding the customary rates for attorneys and experts in this field.

8.      I am aware that the Law Offices of David J. Berney, P.C. is a civil rights firm that concentrates a majority of its practice in special education law.

9.      I am also personally familiar with David Berney, Esquire and most of the attorneys in his firm.

10.     I have consulted with David Berney, Esquire on our respective cases.

11.     I am personally familiar with Mr. Berney's skills, experience and reputation as an attorney.   He graduated from the University of Pennsylvania Law School in 1992.  He is an established and well known special education attorney in the Philadelphia area.  He serves as an adjunct professor of special education law at the Drexel University School of Law, he regularly instructs continuing legal education courses in the area of special education law, and he organizes special education legal conferences.  I consider him to be a leader in the special education bar, an outstanding litigator, and a highly accomplished practitioner.  He enjoys a similar reputation in the legal community.

12.     Given his experience, his abilities, and his reputation, I believe that a rate of $495 per hour is reasonable for attorneys with comparable experience and skill in the Philadelphia region for work of similar complexity.

13.     While I do not personally know Vanita Kalra, Esquire, I am aware that she

2

graduated from Yale Law School in 2006 and that she has been practicing in the area of special education law for several years. In addition, she has almost a decade's worth of experience as a civil rights/human rights litigator. The skills that she developed as a litigator are transferable to the litigation side of the special education legal practice. Based upon her years of experience as a civil rights attorney, I believe that a billing rate of $325 per hour is reasonable in the Philadelphia area.

I declare under penalty of perjury under the laws of the United States of America and pursuant to and subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Franca Palumbo, Esquire

Dated: 3/31/16

# EXHIBIT G