IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

|   |   |
|---|---|
| E.C. and C.O. | : |
| Appellees, | : |
|  | : CIVIL ACTION NO. 15-1825 |
| v. | : |
| School District of Philadelphia, | : |
| Appellant | : |

## DECLARATION OF JONATHAN CORCHNOY, ESQUIRE

I, **JONATHAN S. CORCHNOY, ESQUIRE**, make the following declaration pursuant to 28 U.S.C. § 1746 and declare under penalty of perjury under the laws of the United States of America and pursuant to and subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities, that the following is true and correct to the best of my knowledge, information, and belief.

1. I have been asked to give my opinion in regard to the requested hourly rates of David Berney, Esquire and Vanita Kalra, Esquire of $495 per hour and $325 per hour, respectively.

2. Educationally, I obtained my law degree from the American University's Washington College of Law in the year 1981 and a Bachelor of Science degree in Economics from Allegheny College, Meadville, PA in 1978.

3. I was admitted to practice law in the Commonwealth of Pennsylvania and the U.S. District Court for the Eastern District of PA in the year 1981; the State of New Jersey and the U.S. District Court for the District of NJ in the year 2006; and the U.S. Court of Appeals for the 3rd Circuit in 2007.

4. I have practiced law on a continuous, full time basis since the year 1981 and remain in good standing in each of the mentioned courts.

5. Throughout much of that time, my practice has been focused in the area of civil litigation, education law, and civil rights representing parents and students. Throughout all of that time, I have litigated Due Process Hearings, arbitrations, and/or jury trials either as lead counsel, second chair, or law clerk on civil matters in all of those courts.

6. My legal experience includes, but is not limited to, the following:

   a. From 1979 to 1980, I clerked for the Federal Trade Commission, Bureau of Competition;

   b. From 1980 to 1981, I clerked for the U.S. Department of Justice, Tax Division;

   c. From 1981 to 1985, I worked for the Honorable David Cohen, Councilman-at-Large for the City of Philadelphia including representing the Ogontz Area Neighbors Association in the landmark preemption case of *Department of General Services v. Ogontz Area Neighbors Association*, 483 A.2d 448 (Pa. 1984). I also assisted in the case of *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240 (3d Cir., 1983) which significantly changed the software development industry;

   d. From 1985 to 2002, I litigated primarily Personal Injury civil arbitrations and jury trials for the Law offices of Jerome Taylor; and

   e. Since the year 2002, I have maintained a solo private practice in both Pennsylvania and New Jersey limiting its practice to representing parents in special education matters and plaintiffs in civil litigation.

7. I have substantial experience in education law and civil rights proceedings before Pennsylvania and New Jersey State and Federal District Courts and the Third Circuit Court of

Appeals.

8. I have been a Presenter at the Pennsylvania Bar Institute's Exceptional Children's Conference which addresses legal issues of special education students. I have been a presenter at the national conference for the Council of Parent Attorneys and Advocates (COPAA). I am a member of the New Jersey Education Law Center.

9. I am generally familiar with the rates charged by attorneys in the Philadelphia area, including attorneys who practice in the area of education law.

10. I am familiar with the rates for attorneys who practice in similar areas of law as myself, take their student cases on contingency as well as non-contingency basis.

11. I have reviewed the declarations of David Berney and Vanita Kalra and have factored in that they graduated from preeminent law schools respectively in 1992 and 2006, putting them respectively within the partner and senior associate range of rates on published attorney fee surveys (i.e., CLS, New Jersey Law Journal, National Law Journal, etc.).

12. It is my understanding the survey rates are based on billing rates for fee paying clients.

13. It is my understanding that Mr. Berney primarily accepts difficult education and civil rights cases, frequently on a contingency basis.

13. I am familiar with his published opinions.

14. It is my understanding that the hourly rates of Mr. Berney and Ms. Kalra are within, or for Mr. Berney, below the amount acceptable under the aforementioned attorney fee indexes.

15. I also factored in that Mr. Berney has participated in a number of other professional activities which are related to the practice of special education law. He has been a member of the Public Interest Section of the Philadelphia Bar Association. He has been a member of the Civil Rights Committee of the Philadelphia Bar Association. Both groups address issues pertaining to the

Page 3 of 5

rights of the disabled. He is a former Chair of the Civil Rights Committee of the Philadelphia Bar Association and former member of the Executive Committee of the Public Interest Section of the Philadelphia Bar Association. He has been a member of the Education Reform Subcommittee of the Philadelphia Bar Association. As a member, he along with other attorneys, planned and coordinated a series of activities to protect the rights of school children, including lobbying governmental representatives, planning educational programs, such as continuing legal education courses, etc. He is also a member of the Council for Parent Attorneys Advocates, Inc. ("COPAA"). He teaches special education law at Drexel University's Thomas R. Kline School of Law. He is a frequent instructor at special education continuing legal education courses. He also writes on the topic of education law.

16. It is my opinion that Mr. Berney's significant amount of related professional experience substantially enhances his ability to analyze, comprehend and then communicate the complex issues facing his clients to lawyers and the court.

17. I am familiar with the law practices of numerous education/civil rights lawyers who have comparable legal experience as Mr. Berney and Ms. Kalra.

18. Based on my familiarity with prevailing rates charged by attorneys in the Philadelphia legal community, the nature and complexity of education law cases, Mr. Berney and Ms. Kalra educational background and level of legal and professional experience, and the inherent risk in taking education law cases on a contingency basis, I believe Mr. Berney and Ms. Kalra's and respective rates of $495.00 and $325.00 are reasonable and within or in some cases, even below the range of prevailing rates charged by attorneys with comparable skill, education and experience in Philadelphia. When I factor in their risk of non-payment in taking cases on a contingency basis, it is my opinion that their respective requested hourly rates are more than fair and reasonable.